IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARIEL BALTHROPE,

        Plaintiff,                    No. 2:10-cv-3003-JAM-JFM (PS)

       vs.

SACRAMENTO COUNTY OF
HEALTH AND HUMAN SERVICES,
et al.,

        Defendants.             <u>ORDER</u>

                            /

        Plaintiff is proceeding pro se and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The federal in forma pauper statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relied may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.SC. § 1915(e)(2).

/////

1

1         A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        Plaintiff brings this suit for violations of 42 U.S.C. §§ 1983, 1985 and 1986, as well as state laws. Plaintiff asserts that on July 15, 2008, when she was seventeen years old, she was arrested for violating curfew. (Compl. at 1-2.) She states that she was held captive by the Department of Health and Human Services, after which false charges were filed against her father for sexual abuse of a child. (Id. at 2.) During the court hearings on the charges against her father, plaintiff claims that her court-appointed counsel was incompetent, she was forced into foster care based on the false allegations against her father, her social security money was withheld by the Department of Health and Human Services, and she was repeatedly prohibited from contacting her father.

        Plaintiff sues numerous individuals and agencies, including, inter alia, the arresting officers, plaintiff's court-appointed counsel, the State of California, Sacramento County Department of Health and Human Services, and various social workers. Review of the

1 complaint convinces the court that the complaint does not comply with Rule 8 of the Federal
2 Rules of Civil Procedure.  Plaintiff's claims are presented summarily without factual allegations
3 in support.  For example, against social worker Charlene Duffy, plaintiff asserts claims for
4 "deprivation of rights," "conspiracy against rights," and "[r]eckless disregard to claimant [sic]
5 Constitutional rights."

6        The Civil Rights Act under which this action was filed provides as follows:

7        Every person who, under color of [state law] . . . subjects, or
         causes to be subjected, any citizen of the United States . . . to the
8        deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at
9        law, suit in equity, or other proper proceeding for redress.

10 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
11 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
12 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
13 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
14 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
15 omits to perform an act which he is legally required to do that causes the deprivation of which
16 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17        Moreover, supervisory personnel are generally not liable under § 1983 for the
18 actions of their employees under a theory of respondeat superior and, therefore, when a named
19 defendant holds a supervisorial position, the causal link between him and the claimed
20 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
21 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
22 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
23 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
24 Cir. 1982).

25        Plaintiff names as defendants the County of Sacramento and the Sacramento
26 County Department of Health and Human Services.  However, the complaint does not contain

3

any charging allegations as to these defendants.  A local government entity may be held liable under § 1983 if the entity itself causes the constitutional violation.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); see also Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, plaintiff cannot rely on theories of respondeat superior or vicarious liability to recover against these defendants.  Brown, 520 U.S. at 403; Duvall v. County of Kitsap, 260 F.3d 1124, 1141 (9th Cir.2001).  Rather, plaintiff's § 1983 claim survives only where the alleged constitutional deprivation was inflicted in "execution of a government's policy or custom."  Monell, 436 U.S. at 694.  Unless plaintiff can allege facts supporting such constitutional deprivation, his claims against these defendants should be omitted from any amended complaint.

Additionally, plaintiff names the State of California in this case. However, the Eleventh Amendment prohibits suits against unconsenting states in federal court.  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  "[T]he Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states."  Id.; see also Tennessee v. Lane, 541 U.S. 509, 517 (2004).  The Eleventh Amendment also bars suits against state agencies.  Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).  Therefore, plaintiff may not maintain a cause of action against the State of California.

Finally, it appears plaintiff's claims are more appropriately based on a violation of the Fourteenth Amendment.  The Substantive Due Process Clause of the Fourteenth Amendment protects the fundamental liberty interest of parents in the care, custody, and management of their children.  Santosky v. Kramer, 455 U.S. 745, 753 (1982).  Indeed, "the constitutional right of parents and children to live together without governmental interference is clearly established." Mabe v. San Bernardino County, Dept. of Public Soc. Services, 237 F.3d 1101, 1107 (9th Cir.2001); see also Ram v. Rubin, 118 F.3d 1306, 1311 (9th Cir.1997). However, federal district courts have no jurisdiction over divorce or child custody issues, which are exclusively matters of state law.  See Ankenbrandt v. Richards, 504 U.S. 689 (1992).

In Wallis v. Spencer, 202 F.3d 1126, 1137 (9th Cir. 2000) (as amended), the Circuit addressed parents' and children's claims that the children in that case were unlawfully seized and removed from their parents' custody. Id. The Court recognized that the "claims of the parents in this regard should properly be assessed under the Fourteenth Amendment standard for interference with the right to family association." Id. at 1137 n.8. Moreover, "[b]ecause only the children were subjected to a seizure, their claims should properly be assessed under the Fourth Amendment." Id.

Plaintiff is cautioned that in order for there to be a violation of the Fourteenth Amendment's due process provisions, there must be a violation of due process.

> [D]ue process of law does not require a hearing 'in every conceivable case of government impairment of private interest . . . . (t)he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation' and firmly established that 'what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.

Stanley v. Illinois, 405 U.S. 645, 650-651 (1972). "The right [for parents and children to live together without governmental interference] is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency." Wallis, 202 F.3d at 1136. Thus, the "Fourteenth Amendment's guarantee" is only that "that parents and children will not be separated by the state without due process of law except in an emergency;" in other words, there is no due process right for parents and children to live together without governmental interference under the Fourteenth Amendment's where there is an emergency. As is applicable under Wallis, due process does not require a hearing, i.e., a warrant, where the officer "has reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." Mabe, 237 F.3d at 1106. Where the officer has reasonable cause for such a belief, there is simply no due process violation; it is not that a due process violation has taken place but the officer is shielded by qualified

immunity;[1] under such circumstances, there is simply no constitutional violation. Id.

Moreover, the "right to family integrity clearly does not include a constitutional right to be free from child abuse investigations." Manzano v. South Dakota Dep't of Soc. Servs., 60 F.3d 505, 510 (8th Cir. 1995) (internal quotation marks and citation omitted); see also Wilkinson ex rel. Wilkinson v. Russell, 182 F.3d 89, 104 (2d Cir. 1999) ("An investigation passes constitutional muster provided simply that case workers have a 'reasonable basis' for their findings of abuse.").

The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

---

[1] Although social workers have absolute immunity when they make decisions to institute dependency proceedings "they are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury, because such actions aren't similar to discretionary decisions about whether to prosecute." Beltran v. Santa Clara County, 514 F.3d 906 (9th Cir. 2008).

1  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
2  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
3  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
4  original complaint, each claim and the involvement of each defendant must be sufficiently
5  alleged.

6          In accordance with the above, IT IS HEREBY ORDERED that:

7          1.  Plaintiff's request to proceed in forma pauperis is granted;

8          2.  Plaintiff's complaint is dismissed; and

9          3.  Plaintiff is granted thirty days from the date of service of this order to file an
10 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
11 the Local Rules of Practice, and the instant order; the amended complaint must bear the docket
12 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an
13 original and two copies of the amended complaint; failure to file an amended complaint in
14 accordance with this order will result in a recommendation that this action be dismissed.
15 DATED: December 20, 2010.

                      UNITED STATES MAGISTRATE JUDGE

19 /014;balt3003.lta