IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARIEL BALTHROPE,

    Plaintiff,                             No. CIV S-10-3003 KJM-JFM

   vs.

SACRAMENTO COUNTY DEPARTMENT
OF HEALTH AND HUMAN SERVICES; et al.,

    Defendants.                          <u>ORDER</u>

        This matter comes before the court on plaintiff's motion for the undersigned's recusal. (ECF 57.) Plaintiff did not notice this motion for hearing, nor is a hearing necessary.

        28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Plaintiff contends the undersigned's "judgment would be considered jeopardized" due to her prior position on the Sacramento City Council. In addition, plaintiff contends that the undersigned as a magistrate judge "has already made a biased ruling in the pertaining case of [her] father's suit of similar interest."

        "[I]n the absence of a legitimate reason to recuse [ ], 'a judge should participate in cases assigned.'" *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985)). However, judges "are as bound to recuse

1

1  [themselves] when the law and facts require as [they] are to hear cases when there is no
2  reasonable factual basis for [their] recusal." *Id.*  "In analyzing [a] § 455(a) disqualification
3  motion[], [the court] employ[s] an objective test: 'whether a reasonable person with knowledge
4  of all the facts would conclude that the judge's impartiality may reasonably be questioned.'"
5  *Clemens v. United States Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Herrington*
6  *v. Cnty of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1988) (internal quotation omitted)).  Section
7  455(a) analysis is fact driven. *Id.*  "[S]peculation" and "prior rulings in . . . another proceeding"
8  are generally insufficient for a § 455(a) recusal. *See id.* at 1178-79 (internal quotation omitted).
9        Here, having carefully reviewed plaintiff's complaint and the pending motion, the
10 court concludes that no reasonable person could "perceive[] a significant risk that the
11 [undersigned] will resolve the case on a basis other than the merits." *Id.* at 1178 (internal
12 quotation omitted).  Accordingly, the undersigned does not recuse herself and this motion is
13 denied.
14       IT IS SO ORDERED.
15 DATED: February 21, 2012.

                                        UNITED STATES DISTRICT JUDGE

2