1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARIEL BALTHROPE,

11            Plaintiff,                    No. CIV S-10-3003 KJM-JFM

12        vs.

13   SACRAMENTO COUNTY DEPARTMENT
     OF HEALTH AND HUMAN SERVICES; et al.,

14

            Defendants.                  ORDER

15   _____/

16            This matter comes before the court on plaintiff's motion for the undersigned's

17   recusal.  (ECF 57.)  Plaintiff did not notice this motion for hearing, nor is a hearing necessary.

18            28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate . . . of the United

19   States shall disqualify himself in any proceeding in which his impartiality might reasonably be

20   questioned."  Plaintiff contends the undersigned's "judgment would be considered jeopardized"

21   due to her prior position on the Sacramento City Council.  In addition, plaintiff contends that the

22   undersigned as a magistrate judge "has already made a biased ruling in the pertaining case of

23   [her] father's suit of similar interest."

24            "[I]n the absence of a legitimate reason to recuse [ ], 'a judge should participate in

25   cases assigned.'"  *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quoting *Maier v.*

26   *Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985)).  However, judges "are as bound to recuse

1

1  [themselves] when the law and facts require as [they] are to hear cases when there is no

2  reasonable factual basis for [their] recusal." *Id.* "In analyzing [a] § 455(a) disqualification

3  motion[], [the court] employ[s] an objective test: 'whether a reasonable person with knowledge

4  of all the facts would conclude that the judge's impartiality may reasonably be questioned.'"

5  *Clemens v. United States Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Herrington*

6  *v. Cnty of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1988) (internal quotation omitted)).  Section

7  455(a) analysis is fact driven. *Id.* "[S]peculation" and "prior rulings in . . . another proceeding"

8  are generally insufficient for a § 455(a) recusal. *See id.* at 1178-79 (internal quotation omitted).

9          Here, having carefully reviewed plaintiff's complaint and the pending motion, the

10  court concludes that no reasonable person could "perceive[] a significant risk that the

11  [undersigned] will resolve the case on a basis other than the merits." *Id.* at 1178 (internal

12  quotation omitted).  Accordingly, the undersigned does not recuse herself and this motion is

13  denied.

14          IT IS SO ORDERED.

15  DATED:  February 21, 2012.

16

17                                                 _____
                                                   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26