IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARIEL BALTHROPE,

        Plaintiff,                No. 2:10-cv-3003-KJM-JFM (PS)

    vs.

SACRAMENTO COUNTY OF
HEALTH AND HUMAN SERVICES,
et al.,

        Defendants.           ORDER

_____/

       On December 9, 2011, counsel for non-party Children's Receiving Home ("CRH"), a non-profit provider of behavioral health and mental health services to children, produced plaintiff's mental health records in response to a subpoena issued by defendants County of Sacramento, Bliss, Wolfe, Parske and Juarez ("the Sacramento County defendants"). Rather than produce the documents to the Sacramento County defendants, CRH filed them under seal with a letter referencing People v. Hammon, 15 Cal. 4th 1117 (Cal. 1997).

       Upon review, the court construes CRH's letter as a motion to quash on the basis of the psychiatrist-patient privilege. See Fed. R. Civ. P. Rule 45(c)(3)(A)(iii). CRH contends that, per Hammon, they should not be required to disclose plaintiff's mental health records to the Sacramento County defendants. In Hammon, the California Supreme Court held that, in light of

1 the strong policy of protecting a patient's treatment history, the Sixth Amendment rights of
2 confrontation and cross-examination do not authorize pretrial disclosure of privileged psychiatric
3 information. Because the Sixth Amendment by its own terms applies only to "criminal
4 prosecutions," CRH's reliance on <u>Hammon</u> is misplaced.

5      Nonetheless, the court is cognizant of the protections afforded to mental health
6 records. In federal question cases, as here, the law of privilege is governed by federal common
7 law as interpreted by the courts of the United States. <u>Religious Tech. Ctr. v. Wollersheim</u>, 971
8 F.2d 364, 367 n.10 (9th Cir. 1992). The Supreme Court recognized the psychotherapist-patient
9 privilege in <u>Jaffee v. Redmond</u>, 518 U.S. 1, 15 (1996).

10      In this case, the Sacramento County defendants have not submitted any briefing
11 on this matter. Thus, the court cannot make a determination as to CRH's motion to quash at this
12 time.

13      Accordingly, IT IS HEREBY ORDERED that this matter is set for hearing on
14 April 5, 2012 at 11:00 a.m. in courtroom #26. CRH and the Sacramento County defendants shall
15 submit a joint discovery statement in compliance with Local Rule 251.
16 DATED: February 22, 2012.

                                             _____
                                             UNITED STATES MAGISTRATE JUDGE

20 /014;balt3003.jo(6)