IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARIEL BALTHROPE,

    Plaintiff,                      No. 2:10-cv-3003-KJM-JFM (PS)

    vs.

SACRAMENTO COUNTY OF
HEALTH AND HUMAN SERVICES,
et al.,                                <u>ORDER AND</u>

    Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____ /

           Pending before the court is a motion for certification filed by defendants Sacramento Child Advocates, Inc. ("SCA"), Robert Wilson, Rebekah Sass and Lisa Thor (sued as Lisa Presley) (collectively, "the SCA defendants"). On January 26, 2012, these defendants were dismissed from this action with prejudice following the Honorable Kimberly J. Mueller's adoption of the undersigned's December 8, 2011 findings and recommendations recommending that the SCA defendants' motion to dismiss be granted.

           The SCA defendants have returned to the court for the limited purpose of obtaining certification of the order dismissing all claims against them as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). These defendants seek certification on the grounds that SCA no longer exists beyond winding up its affairs and the individual SCA

1

defendants are employed elsewhere.  They argue that they should not be put to the expense of monitoring this matter that no longer concerns them and potentially face an appeal filed years in the future.  The remaining defendants in this action have filed a statement of non-opposition.  Plaintiff has filed an opposition.

In the context of this multi-defendant, multi-claim case, a designation of "final judgment" under Rule 54(b) regarding the claims against the SCA defendants requires (1) that the judgment in question be an "ultimate disposition" of an individual claim among multiple claims and (2) that there be no reason for delaying the determination.  <u>Curtiss–Wright Corp. v. Gen. Elec. Corp.</u>, 446 U.S. 1, 7–8 (1980).  Both those criteria are met here.

In her opposition, plaintiff asserts that the SCA defendants are seeking certification now because they do not want to list the current proceeding as an ongoing proceeding in their bankruptcy petition.  The SCA defendants counter that they have not filed for bankruptcy.  They further argue that even if bankruptcy was a possibility, plaintiff has not explained how that would affect the court's analysis.  The SCA defendants' point is well-taken.  The court thus finds that there is no reason for delay and directs judgment be entered as to the SCA defendants.

Accordingly, IT IS HEREBY ORDERED that the October 18, 2012 hearing on this matter is vacated; and

IT IS HEREBY RECOMMENDED that:

1. The SCA defendants' motion for certification be granted; and

3. The Clerk of the Court be directed to enter judgment as to the SCA defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

1  objections shall be filed and served within fourteen days after service of the objections.  The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: October 17, 2012.

UNITED STATES MAGISTRATE JUDGE

/balt3003.jo(11)